**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

RON RAMIREZ,           )

        **Plaintiff,**    )    **2:12-cv-00639 JWS**

    **vs.**          )    **ORDER AND OPINION**

CITY OF PHOENIX,    )    **[Re: Motions at Docket 7, 8]**

        **Defendant.**   )

           )

## I.  MOTION PRESENTED

At docket 7, defendant the City of Phoenix ("defendant" or "the City") moves pursuant to Federal Rule 12(b)(6) to dismiss the case for failure to state a claim. Plaintiff Ron Ramirez ("plaintiff" or "Ramirez") opposes the motion and moves for summary judgment pursuant to Federal Rule 56 at docket 8.  The City's reply is at docket 9, and its' opposition to plaintiff's motion is at docket 13.  Plaintiff's reply is at docket 15.

## II.  BACKGROUND

Ramirez was employed by the City and served as president of the Administrative Supervisory Professional and Technical Employees Association ("ASPTEA"), a labor organization for City employees, and chairman of the Coalition of Phoenix City Unions ("COPCU"), an organization representing all of the City's unions.  On March 23, 2011,

1  Ramirez was asked to speak to members of the Laborers' International Union of North
2  America ("LIUNA") who were gathering at the state capitol.  Ramirez alleges that he
3  attended the gathering during his lunch break.

4  At the gathering, Ramirez identified himself as chairman of COPCU and stated
5  that "[w]e know that we have one rogue councilman right now and we've got to get rid of
6  him . . . [y]ou have to vote; you have to also recall."[1]  The City became aware of
7  plaintiff's remarks when a video was posted on YouTube.

8  City Administrative Regulation 2.16 requires that City "[e]mployees not engage in
9  activities that are inconsistent, incompatible, in conflict with, or harmful to their duties as
10  City employees."  Among the prohibited actions are "use [of] any official City authority or
11  influence for the purpose of interfering with or affecting the results of an election,"
12  "engag[ing] in political activities involving City . . . municipal elections, including recall
13  elections for Mayor and City Council," and "use [of] an official City title or designate
14  employment with the City in political . . . endorsements, or speeches."[2]

15  Plaintiff was issued a written reprimand for violating A.R. 2.16.  Plaintiff filed suit
16  in federal court, asserting one claim pursuant to 42 U.S.C. § 1983 based on an alleged
17  violation of his First Amendment rights.

### III.  STANDARD OF REVIEW

19  **A.  Rule 12(b)(6)**

20  A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil
21  Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a
22  motion, "[a]ll allegations of material fact in the complaint are taken as true and
23  construed in the light most favorable to the nonmoving party."[3]  Dismissal for failure to
24  state a claim can be based on either "the lack of a cognizable legal theory or the

26  [1]Doc. 1 at 3.

27  [2]A.R. 2.16.

28  [3]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

absence of sufficient facts alleged under a cognizable legal theory."[4]  "Conclusory

allegations of law . . . are insufficient to defeat a motion to dismiss."[5]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief

that is plausible on its face."[6]  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged."[7]  "The plausibility standard is not akin to a

'probability requirement' but it asks for more than a sheer possibility that a defendant

has acted unlawfully."[8]  "Where a complaint pleads facts that are 'merely consistent'

with a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'"[9]  "In sum, for a complaint to survive a motion to dismiss, the non-

conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief."[10]

**B.  Rule 56(a)**

Summary judgment is appropriate where "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."[11]  The

materiality requirement ensures that "only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary

---

[4]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[5]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[6]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[7]*Id.*

[8]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[10]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

[11]Fed. R. Civ. P. 56(a).

judgment."[12]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]  In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[14]  The reviewing court may not weigh evidence or assess the credibility of witnesses.[15]  The burden of persuasion is on the moving party.[16]

## IV.  DISCUSSION

### A.  Defendant's Motion to Dismiss

Plaintiff argues in a footnote that defendant's motion should be treated as a motion for summary judgment because defendant attached documents that are not referenced in plaintiff's complaint.[17]  Plaintiff's complaint, however, refers extensively to the Administrative Regulations that defendant attached.[18]  To the extent the memorandum of understanding or its contents were not referenced in plaintiff's complaint, the court elects to exclude it because its contents do not bear on disposition of defendant's motion.[19]

---

[12]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[13]*Id.*

[14]*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[15]*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[16]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[17]Doc. 8 at 4 n.1.

[18]*See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

[19]*See* Fed. R. Civ. P. 12(d).

**1.  Plaintiff's 42 U.S.C. § 1983 Claim**

The Ninth Circuit has derived from *Pickering v. Bd. of Educ.*,[20] five sequential factors that bear on whether an employer has violated an employee's First Amendment rights: "(1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech."[21]

Defendants' central argument is that plaintiff spoke as a public employee and therefore his speech was not protected.  In *Garcetti v. Ceballos*,[22] the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  *Garcetti* involved a prosecutor who was disciplined for writing a memorandum to his superiors expressing his concerns about and recommending dismissal of a case in which he believed the affidavit underlying a warrant contained misrepresentations.[23]  The Court noted that the "controlling factor" in its holding was "that [the plaintiff's] expressions were made pursuant to his duties as a calendar deputy."[24]

Defendant argues that "there is no room for serious debate that [p]laintiff's statements at the March 23, 2011 gathering . . . were made pursuant to his official

---

[20]391 U.S. 563 (1968).

[21]*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

[22]547 U.S. 410, 421 (2006).

[23]*Id.* at 413–14.

[24]*Id.* at 421.

1  duties."[25]  Although *Garcetti* did not define "pursuant to official duty," the Ninth Circuit

2  has held that "[s]tatements are made in the speaker's capacity as citizen if the speaker

3  had no official duty to make the questioned statements, or if the speech was not the

4  product of performing tasks the employee was paid to perform."[26]  Defendant's motion

5  does not apply this definition, but it is consistent with *Garcetti*.  For instance, the

6  employee in *Garcetti* "wrote his disposition memo because that is part of what he . . .

7  was employed to do."[27]  Plaintiff has not alleged that he was employed, even in part, to

8  give speeches.  The Court went on to explain that "[r]estricting speech that owes its

9  existence to a public employee's professional responsibilities does not infringe any

10  liberties the employee might have enjoyed as a private citizen."[28]  Although plaintiff's

11  speech may have owed its existence to his professional title, it does not appear from the

12  face of the complaint that the speech owed its existence to his professional

13  *responsibilities*.  Because It does not appear to have been plaintiff's official responsibility

14  to speak at gatherings, defendant's motion fails.

15    **2. Title VII**

16    Defendant argues that plaintiff has failed to allege a prima facie case under 42

17  U.S.C. § 2000e-2(a).  Plaintiff responds only that his "speech was protected by the First

18  Amendment" because he "spoke as a private citizen on a matter of public concern."[29]

19  The court has reviewed plaintiff's complaint in conjunction with his response and

20  concludes that plaintiff is not asserting a claim pursuant to 42 U.S.C. § 2000e-2(a).

---

[25]Doc. 7 at 10.

[26]*Eng*, 552 F.3d at 1071 (internal quotations and citations omitted).

[27]547 U.S. at 421.

[28]*Id.*

[29]Doc. 8 at 8.

### 3.  Declaratory and Injunctive Relief and Punitive Damages

Defendant argues that plaintiff is not entitled to declaratory or injunctive relief or punitive damages.  Plaintiff responds that he is not seeking declaratory relief, injunctive relief or punitive damages.

**B.  Plaintiff's Motion for Summary Judgment**

Plaintiff's motion is accompanied by a single affidavit from the plaintiff himself. Based on that affidavit, plaintiff argues he is entitled to summary judgment.

The first factor in the sequential analysis described above–whether the speech involved a matter of public concern–"is purely a question of law."[30]  "Speech involves a matter of public concern when it can fairly be considered to relate to any matter of political, social, or other concern to the community."[31]  The speech in question related to an election and a member of the city council–it therefore related to matters of political concern to the community.

The second factor, whether the plaintiff spoke as a private citizen or a public employee, has been discussed above in connection with defendant's motion to dismiss. However, a different standard of review pertains to motions for summary judgment and "the question of the scope and content of a plaintiff's job responsibilities is a question of fact."[32]  Plaintiff argues that he had no official duty to give the speech in question and cites his own affidavit, which states that he "spoke as a private citizen and Chairman of COPCU" and that he "did not make any statements pursuant to [his] official duties as a City of Phoenix employee."[33]  Defendant argues that plaintiff's "job responsibilities

---

[30]*Eng*, 552 F.3d at 1070.

[31]*Id.*

[32]*Id.* at 1071 (internal quotations omitted).

[33]Doc. 8-2 at 1.

1   include . . . speaking on behalf of ASPTEA,"[34] but the paragraphs in plaintiff's complaint

2   to which defendant cites do not support that proposition.  Ultimately, the scope of

3   plaintiff's responsibilities as a public employee and the details surrounding his invitation

4   to speak at the gathering are unclear and the court is therefore unable, on the limited

5   record before it, to determine whether plaintiff spoke as a private citizen or public

6   employee.

7       Finally, though it appears that the remaining three factors are not in

8   dispute–given the sequence of events upon which the parties agree–the court cannot

9   be certain because they were not adequately addressed in the parties' briefing.[35]

10                          **V.  CONCLUSION**

11      For the reasons above, defendant's motion at docket 7 to dismiss the complaint

12  for failure to state a claim pursuant to Rule 12(b)(6) is **DENIED**.  Plaintiff's motion at

13  docket 8 for summary judgment pursuant to Rule 56 is **DENIED** without prejudice to

14  renewal after adequate discovery.

15      DATED this 16th day of July 2012.

16

17                          _____
                                    /s/
                            JOHN W. SEDWICK
18                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26  _____

[34]Doc. 13 at 15.

27  [35]Plaintiff discusses all five factors in his reply brief in a conclusory manner.  Doc. 15 at

28  8.

                                    -8-