UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RON RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-00639- JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| CITY OF PHOENIX, | ) | [Re: Motion at Docket 23] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 23, plaintiff Ron Ramirez ("plaintiff" or "Ramirez") requested leave to amend his complaint. Defendant City of Phoenix ("defendant" or "the City") opposes the motion at docket 24. Plaintiff's reply is at docket 25. Oral argument was heard on February 5, 2013.

## II.  BACKGROUND

Ramirez was employed by the City and served as president of the Administrative Supervisory Professional and Technical Employees Association ("ASPTEA"), a labor organization for City employees, and chairman of the Coalition of Phoenix City Unions ("COPCU"), an organization representing all of the City's unions.  On March 23, 2011, Ramirez was asked to speak to members of the Laborers' International Union of North America ("LIUNA") who were gathering at the state capitol.  Ramirez alleges that he attended the gathering during his lunch break.

At the gathering, Ramirez identified himself as chairman of COPCU and stated, "We know that we have one rogue Councilman right now and we've got to get rid of him . . . [y]ou have to vote; you have to also recall."[1]  The City became aware of plaintiff's remarks when a video was posted on YouTube.

City Administrative Regulation 2.16 requires that City "[e]mployees not engage in activities that are inconsistent, incompatible, in conflict with, or harmful to their duties as City employees."  Among the prohibited actions are "use [of] any official City authority or influence for the purpose of interfering with or affecting the results of an election," "engag[ing] in political activities involving City . . . municipal elections, including recall elections for Mayor and City Council," and "use [of] an official City title or designate employment with the City in political . . . endorsements, or speeches."[2]

---

[1] Doc. 1 at 3.

[2] A.R. 2.16.

Plaintiff was issued a written reprimand for violating A.R. 2.16.  Plaintiff filed suit in federal court, asserting one claim pursuant to 42 U.S.C. § 1983 based on an alleged violation of his First Amendment rights.

The City filed a motion to dismiss.  It argued that plaintiff's § 1983 claim should be dismissed because his statements were not made in his capacity as a private citizen.  The court denied the motion to dismiss the § 1983 claim based on the allegations in the complaint.  The City also argued plaintiff's Title VII claim should be dismissed.  The plaintiff conceded that it did not intend to bring a Title VII claim, and the court concluded that, based on plaintiff's admission and the complaint itself, plaintiff did not bring such a claim.  The City also argued that plaintiff is not entitled to declaratory or injunctive relief or punitive relief, but plaintiff then admitted that he was not seeking such relief.  The court acknowledged this admission in its order at docket 17.  Plaintiff filed a motion for summary judgment, and the court denied it at docket 17, concluding that it could not determine whether plaintiff spoke as a private citizen or public employee given that the scope of plaintiff's responsibilities as a public employee and the details surrounding his invitation to speak at the gathering were unclear based on the record before it.

Plaintiff then filed the motion to amend.  Plaintiff's proposed amendments include removing the reference to Title VII, and removing his request for punitive damages, injunctive relief, and declaratory judgment.

His proposed amendments also include removing references to his role as an official of ASPTEA in various places in the complaint.  In the original complaint, Ramirez alleged that he "was at all relevant times, an employee of the City of Phoenix and was an official participating in, representing, speaking on behalf of, and engaging in

associational freedoms with the [ASPTEA]."[3]  He wants to remove the language that states he was "an official participating in, representing, and speaking on behalf of, and engaging in associational freedoms with ASPTEA."  In paragraph 16 of the original complaint he states that, as an official of ASPTEA and chairman of COPCU, it is his duty to promote the interests of the City's union members,[4] and in paragraph 21 of the original complaint he states that his participation in ASPTEA and COPCU provided the "sole, substantial and/or motivating factor for engaging in the protected speech at issue."[5]  He wants to remove the reference to ASPTEA in those two paragraphs.

The City responds that an amendment removing the Title VII claim and the request for certain damages is moot given the court's order at docket 17.  It also argues that the proposed retractions of plaintiff's admissions regarding the role Ramirez's status as an official of ASPTEA played in making the statements at issue are made in bad faith or with a dilatory motive because the retractions are inconsistent with the facts alleged in the original complaint.  It also argues that the proposed amendment unduly prejudices it because the language plaintiff seeks to retract has formed the basis of the defenses in its answer.

---

[3]Doc. 1 at 2, ¶5.

[4]Doc. 1 at 4.

[5]Doc. 1 at 5.

### III.  STANDARD OF REVIEW

Under Rule 15(a), if outside the allotted time in which to file an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[6]  "The court should freely give leave when justice so requires."[7]  Rule 15 provides for a very liberal amendment policy.[8]  The decision to permit or deny a motion for leave to amend rests within the sound discretion of the trial court.[9]  In deciding whether to grant leave to amend under Rule 15(a), courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[10]  "Generally, this determination should be performed with all inferences in favor of granting the motion."[11]  The party opposing amendment bears the burden of demonstrating a permissible reason for denying the motion to amend.[12]

---

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

[9] *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-86 (9th Cir. 1987) (citing *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981)).

[10] *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

[11] *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs,* 833 F.2d at 186).

[12] *DCD Programs,* 833 F.2d at 187; *see Richardson v. United States,* 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith").

## IV.  DISCUSSION

As noted above the court will consider the following factors in deciding whether an amendment is appropriate: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[13]  As to the factor addressing abuse of the amendment procedure, this is plaintiff's first request to amend his complaint, and therefore, the City does not raise this factor as a reason for denying the motion.

The City does, however, assert that plaintiff was not diligent in bringing the motion because it should have been filed after the City filed its motion to dismiss and before plaintiff filed his response and his own motion.  The court disagrees.  In plaintiff's response to the City's motion to dismiss, Plaintiff considered the wording of the complaint and argued that it did not contain an admission that he was speaking on behalf of the City when he made the comments at issue.[14]  Plaintiff is not suddenly switching positions by requesting an amendment after the initial early motion practice. Furthermore, the motion to dismiss was filed before the City filed its answer, and so the

---

[13] *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

[14] Doc. 8 at 3 ("Central to the Defendant's Motion is the assertion that at all times during the speech, which is under scrutiny in this action, the Plaintiff was acting in his official capacity for the City of Phoenix.  Apparently, the Defendant believes that the Plaintiff's Complaint states such a fact. The Complaint does not, and if the Defendant believes otherwise, it is mistaken. . . . It is pointed out by the Defendant that Plaintiff's Complaint states that the Plaintiff's speech was engaged in as a result of his participating in ASPTEA and COPCU, as though that is some kind of confession that Plaintiff was acting in his official duties and responsibilities on behalf of the City at the time that he uttered the expression which is under scrutiny here. That is not so; in fact, the Plaintiff could not have stated more clearly in the complaint that he was on his own time, speaking as a citizen and the COPCU president.").

parties were still in the pleading stage of litigation when the plaintiff realized that he wanted to make changes in the complaint to clarify his position. Plaintiff filed the motion to amend early in the litigation, well in advance of the deadline for filing motions to amend set in the scheduling order. Thus, there has not been undue delay in requesting an amendment.

Defendant asserts that allowing the amendment would result in unfair and undue prejudice. It argues that the admissions plaintiff made formed the basis for its defenses and responses and that plaintiff's retraction of certain facts unfairly affects those defenses. It argues that it has spent time and money filing a motion to dismiss based on the allegations as they were asserted in the original complaint. This court concludes that defendant is not unduly prejudiced by the proposed amendment. It is still early in the litigation; plaintiff filed the motion to amend within the deadline set for such motions; and discovery is not set to be completed until July of 2013. Defendant will have the opportunity to respond to the amended complaint and will have time to alter any defense thereto, and thus, the court cannot conclude that defendant will suffer any substantial prejudice or negative effect.[15]

Defendant's primary argument is that the amendment is sought in bad faith or with a dilatory motive because the proposed amendment is inconsistent with the original

---

[15] *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (finding substantial prejudice due to a proposed amendment where the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

complaint, citing to *Reddy v. Litton Industries, Inc.*[16] In *Reddy*, the court stated that despite Rule 15's liberal amendment policy, an amended complaint may only allege "'other facts consistent with the challenged pleading.'"[17] In *Reddy*, the plaintiff alleged he was wrongfully discharged because he refused to cover up his employer's conspiracy. In addition to state claims, the plaintiff brought federal claims against his employer under the Racketeer Influenced and Corrupt Organizations Act (RICO). The court concluded that the plaintiff did not have standing to bring the RICO claims against the employer because the harm he suffered was not caused by the predicate acts of racketeering but by the discharge, which itself is not a predicate racketeering act. The role of the discharged employee was peripheral, not central to, the existence of the conspiracy.[18] The court went on to hold that it would not be possible for the plaintiff to amend his complaint to allege a completely new injury apart from the termination that would confer standing to sue based on RICO without contracting the allegations of his original complaint.[19]

    The court concludes that this case is distinguishable from *Reddy*. Plaintiff does not seek to add an entirely new injury that is inconsistent with his original complaint or to otherwise add new facts that contradict his theory of the case. Rather, plaintiff seeks to remove some allegations and clarify internal inconsistencies in the original complaint.

---

[16] 912 F.2d 291, 297 (9th Cir. 1990).

[17] *Id.* (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

[18] *Id.* at 294-95.

[19] *Id.* at 296-97.

He alleges in the original complaint that his position as president of ASPTEA and his position as chairman of COPCU prompted the invitation to give the speech. He wants to remove the reference to ASPTEA in this allegation, which still leaves the reference to COPCU. Such a change narrows the allegation, but it is not inconsistent; thus, the assertion that he was invited to speak because of his position as chairman of COPCU is not a new one. He also states in the original complaint that his duty in both positions was to promote the interests of the City's union members. He now wants to allege that promoting the interests of the union members was his duty as chairman of COPCU. Again, that does not present a new inconsistent fact; it only narrows the assertion.

In the section describing the parties, plaintiff states that he "was at all relevant times, an employee of the City of Phoenix and was an official participating in, representing, speaking on behalf of, and engaging in associational freedoms with the [ASPTEA]."[20] Plaintiff seeks to remove the portion that refers to speaking on behalf of ASPTEA. While defendant reads that sentence as a clear admission that the speech was given in his role as president of ASPTEA, the general allegations section in the complaint contradicts such an admission. In that section, he states that he gave the speech as a private citizen during his lunch break and alleged that he introduced himself as the chairman of the COPCU before the speech. Thus, the pleading is internally inconsistent. The proposed amendment attempts to clear up these inconsistencies to avoid further disputes that may arise regarding the extent and scope

---

[20]Doc. 1 at 2, ¶5.

of his admissions. This is not a case where the plaintiff attempts to put forth an entirely new injury that is completely different from the injury in the original complaint to overcome a jurisdictional issue, as was the case in *Reddy*. Nor does plaintiff seek to allege a set of facts that presents an entirely new theory of the case to keep it alive.

Even if the proposed amendment is inconsistent, the rationale for disallowing an amendment that presents inconsistent facts is to prevent prejudice to the defendant and prevent further delay that would be necessitated by the need for new discovery.[21] As noted above, the case is still in the early stages and any inconsistency presented is not likely to lead to substantial additional discovery.

Given that the purpose of Rule 15 is to facilitate a decision on the merits rather than on the pleadings,[22] an amendment to clarify plaintiff's § 1983 claim is appropriate at this early stage of the litigation.

Defendant appears to object to the amendment based on the fairness of allowing plaintiff to retract judicial admissions through an amendment. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."[23] To qualify as a judicial admission, the admission must be "deliberate, clear, and unequivocal."[24] In this case,

---

[21]*Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 538-39 (E.D.N.Y. 2010).

[22]*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

[23]*American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (citations omitted).

[24]*Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329 (5th Cir. 2001); *see also Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) (noting that judicial admissions are binding only when they are "unequivocal").

as discussed above, the language in the complaint is not unequivocal, and the court cannot conclude that plaintiff's statements in the complaint regarding in what capacity he gave the speech at issue are judicial admissions. Regardless, while factual assertions in pleadings are considered judicial admissions conclusively binding on the party who made them, they can be amended.[25]  "Where ... the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight."[26]  In this case, the plaintiff has maintained the position that the original complaint does not constitute a clear admission that he was making the speech at issue on behalf of the City. He now seeks an amendment to correct the error in drafting and remove any question as to what plaintiff meant in his original complaint. The court accords that explanation due weight.

Defendant also argues that the motion to amend should be denied based on judicial estoppel. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."[27]  A court "invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard

---

[25] *American Title Ins. Co.,* 861 F.2d at 226 ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.").

[26] *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995).

[27] *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'"[28]  When determining whether to apply the doctrine of judicial estoppel the court typically looks at whether the later position is clearly inconsistent with the earlier position.[29]  The court also typically considers "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that the court had been misled somewhere."[30]  A third consideration is what advantage the party seeking the inconsistent position would receive or what detriment the opposing party would suffer if estoppel is not applied.[31]

As noted above, the court concludes that the changes plaintiff proposes to his complaint do not set forth a clearly inconsistent position but rather clarifies the internal inconsistencies within the complaint.  Furthermore, even if the proposed changes are clearly inconsistent, the court has not accepted plaintiff's prior position that he was, in fact, speaking at all times on behalf of the ASPTEA, and, as discussed above, defendant is not unduly prejudiced by the proposed changes.  Thus, the court concludes that this is not a situation where the doctrine of judicial estoppel should be applied.

---

[28] *Id.* (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990).

[29] *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

[30] *Id.*

[31] *Id.*

## V.  CONCLUSION

For the reasons above, the motion at docket 23 is **GRANTED**.  The proposed amended complaint shall be filed within seven (7) days.

DATED this 7th day of February 2013.

                                      /s/
                        JOHN W. SEDWICK
           UNITED STATES DISTRICT JUDGE