UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| RON RAMIREZ, | ) |
| Plaintiff, | ) 2:12-cv-00639- JWS |
| vs. | ) ORDER AND OPINION |
| CITY OF PHOENIX, | ) [Re: Motion at Docket 34] |
| Defendant. | ) |

## I. MOTION PRESENTED

At docket 34, defendant City of Phoenix ("the City") moves to dismiss the amended complaint filed by plaintiff Ron Ramirez ("Ramirez") for failure to state a claim upon which relief can be granted. Ramirez opposes the motion at docket 40. The City replies at docket 41. Oral argument was heard on July 19, 2013. At the oral argument, counsel for Ramirez acknowledged that Ramirez is not seeking declaratory relief and eschewed reliance on that section of his response which addresses declaratory relief.

## II. BACKGROUND

Ramirez was employed by the City and served as president of the Administrative Supervisory Professional and Technical Employees Association ("ASPTEA"), a labor organization for City employees, and chairman of the Coalition of Phoenix City Unions ("COPCU"), an organization representing all of the City's unions. Ramirez spoke to members of the Laborers' International Union of North America ("LIUNA") gathered at the state capitol on March 23, 2011.

At the gathering, Ramirez identified himself as chairman of COPCU and stated, "We know that we have one rogue Councilman right now and we've got to get rid of him . . . [y]ou have to vote; you have to also recall."[1]

City Administrative Regulation 2.16 requires that City "[e]mployees not engage in activities that are inconsistent, incompatible, in conflict with, or harmful to their duties as City employees." Among the prohibited actions are "use [of] any official City authority or influence for the purpose of interfering with or affecting the results of an election," "engag[ing] in political activities involving City . . . municipal elections, including recall elections for Mayor and City Council . . . ."[2] Ramirez was given a written reprimand for violating A.R. 2.16.

Ramirez then filed this lawsuit asserting claims against the City based on an alleged violation of his First Amendment rights. There are no other defendants. The City moved to dismiss, and Ramirez cross-moved for summary judgment. The court's order at docket 17 held that plaintiff was not pursuing a Title VII claim and that he was not seeking declaratory relief, but denied the City's request to dismiss the § 1983 claim. That order also denied Ramirez's motion for summary judgment. The court then granted Ramirez's motion to file an amended complaint. It is that amended complaint which is the subject of the pending motion.

### III.  STANDARD OF REVIEW

Rule 12(b)(6), tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[3] To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party

---

[1]Doc. 1 at 3.

[2]A.R. 2.16.

[3]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

to defend itself effectively."[4]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

## IV.  DISCUSSION

In its seminal decision regarding a municipal government's liability for deprivation of civil rights in a lawsuit authorized by 42 U.S.C. § 1983, the Supreme Court wrote:

---

[4] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Id.*

[9] *Id.* (citing *Twombly*, 550 U.S. at 556).

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[11] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also, Starr v. Baca,* 652 F.3d at 1216.

> [Section 1983] compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *soley* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.[12]

Here, the City asserts that Ramirez's amended complaint fails to sufficiently identify a municipal policy which caused the deprivation of his First Amendment rights. Rather, contends the City, Ramirez seeks to establish the City's liability on a theory of *respondeat superior* and nothing more. Ramirez argues that he is not relying on the doctrine of *respondeat superior,* and that his complaint adequately identifies a municipal policy–A.R. 2.16–which caused the harm for which he seeks relief pursuant to § 1983.

At oral argument Ramirez's lawyer conceded that Ramirez does not contend A.R. 2.16 is unconstitutional on its face, but urged, as he has in his briefing, that the application of A.R. 2.16 to Ramirez was unconstitutional. A written policy may itself be constitutional, but the Ninth Circuit has long recognized that a § 1983 claim against a municipality may be pursued if the municipality's policy caused a constitutional violation.[13] Thus, the question to be resolved is whether Ramirez's amended complaint has sufficiently pled that A.R. 2.16 caused a violation of his constitutional right to free speech.

In the amended complaint, Ramirez alleges that he was issued a written reprimand for violating A.R. 2.16.[14] Ramirez also alleges that his conduct did not violate A.R. 2.16 and was a protected expression of his constitutional right to free speech.[15] The court reads these as allegations of fact. For purposes of this motion, these allegations must be accepted as true. The City's view of these allegations is that they

---

[12] *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978).

[13] *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir. 1983).

[14] Doc. 32, ¶ 14.

[15] *Id.* ¶ 16.

allege a wrongful act by an unnamed City official, for which the City is not liable on a theory of *respondeat superior.*

The City can act only through the its employees and other agents, so the fact that the reprimand was given by a city official is not dispositive. Had the reprimand been issued solely on the basis of that official's view of events, then there would be no City policy that could have caused the harm of which Ramirez complains. Were that all that had been alleged, the City would be entitled to prevail on its motion. However, fairly read, what the complaint alleges actually happened is that the unnamed official used A.R. 2.16 to issue the reprimand in contravention of Ramirez's free speech rights. In other words, the policy set out in A.R. 2.16 as implemented by the unnamed official is what caused the constitutional wrong of which Ramirez complains. That is enough to satisfy *Monell* and its progeny. These allegations state a claim, which is plausible on its face.

### V.  CONCLUSION AND RECOMMENDATION TO COUNSEL

For the reasons set forth above the motion at docket 34 is **DENIED**.

By way of further comment, the court recognizes that this case has been on the docket for a period of time and should be concluded. Furthermore, all that is at stake is the amount of money which it would take to fairly and reasonably compensate Ramirez–an amount which is not likely large–and possibly also an award of attorneys' fees. There is a chance Ramirez will not prevail on the merits if this case goes to trial, just as there is a chance that he will prevail. It is noteworthy that Ramirez is not asking the court to declare any City policy unconstitutional. Under these circumstances, it seems to the court that counsel should seriously explore the possibility of settling this case.

DATED this 24th day of July 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE
